UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLIFFORD VERITY,

       Petitioner,

v.                         Case No: 2:12-cv-117-FtM-29DNF

STATE OF FLORIDA, FLORIDA
ATTORNEY GENERAL, and
DEPARTMENT OF CORRECTIONS,
FLORIDA,

       Respondents.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Clifford Verity's ("Petitioner's") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1, filed March 1, 2012). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted (Doc. 9). Thereafter, Respondents filed a response in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Doc. 13). Petitioner filed a reply to the response (Doc. 19).

Petitioner raises two claims for relief in his petition. Petitioner alleges that: (1) his trial judge, James Thompson, should have recused himself from presiding over Petitioner's trial due to a conflict; and (2) the state appellate court's silent affirmance of the post-conviction court's denial of his Rule 3.850

motion did not specifically address the points raised in Petitioner's brief on appeal (Doc. 1 at 10, 13).

Because this Court can adequately assess Petitioner's claims without further factual development, an evidentiary hearing will not be conducted. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Upon due consideration of the petition, the response, the reply, and the state-court record, this Court concludes that Petitioner's claims are due to be denied.

## I.    Background and Procedural History

On January 29, 2007, Petitioner was charged by information with aggravated manslaughter of an elderly or disabled adult, in violation in Florida Statute § 782.07(2) and with neglect of an elderly or disabled person, in violation of Florida Statute § 825.102(3)(b) (Ex. 1). After a jury trial on the aggravated manslaughter count, Petitioner was found guilty as charged (Ex. 20 at 576-78). Petitioner was sentenced to six years in prison which was a downward departure from the guidelines range of eleven and a half to thirty years in prison (Ex. 2 at 4; Ex. 3 at 19, 24).

Petitioner appealed his conviction and sentence, and the State cross appealed the trial court's downward departure from the guidelines sentence (Ex. 5; Ex. 6). Florida's Second District Court of Appeal per curiam affirmed (Ex. 8).

Subsequently, Petitioner filed a motion and an amended motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure

("Rule 3.850 motion") (Ex. 12; Ex. 14).  All claims in the Rule 3.850 motions were denied (Ex. 14; Ex. 15).  Florida's Second District Court of Appeal affirmed (Ex. 18); <u>Verity v. State</u>, 56 So.3d 77 (Fla. 2d DCA 2011).  Petitioner filed a "show-cause motion" in which he complained that the appellate court had failed to "address any of the points in his appeal of the lower court denial of his 3.850." (Ex. 19).  The appellate court treated the show-cause motion as a motion for rehearing, and it was denied (Ex. 19).

The instant petition was filed in this Court on March 1, 2012 (Doc. 1).  Petitioner was released from prison on May 30, 2012 (Doc. 8; Doc. 13 at 1).

## II.  **Governing Legal Principles**

### a.  *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. <u>Carey v. Musladin</u>, 549 U.S. 70, 74 (2006) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. <u>Ward v. Hall</u>, 592 F.3d 1144, 1155 (11th Cir. 2010); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown v. Payton</u>, 544 U.S. 133, 134 (2005); <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### b. *Exhaustion and Procedural Default*

A petitioner defaults an issue unless the he first exhausts available state court remedies so that the state has the

"'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right); compare 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (same).   This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. Coleman v. Thompson, 501 U.S. 722, 734-35 and n. 1 (1991); Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir.1999); see also Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural

grounds generally precludes subsequent federal habeas review of that claim).  Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[1] Coleman, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question. Id. at 735 n.1; Harris v. Reed, 489 U.S. 255, 263 n.9 (1989)(federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, a petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1345 (11th Cir. 2004);

---

[1] The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds. Lee v. Kemna, 534 U.S. 362, 375 (2002).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee, 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. Ford v. Georgia, 498 U.S. 411, 423-24 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement. Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006).

High v. Head, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented petitioner from raising the claim. McCleskey v. Zant, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but still followed by the Eleventh Circuit in High, 209 F.3d at 1262-63).

To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995) (superseded by AEDPA statute, but still followed by the Eleventh Circuit in High, 209 F.3d at 1270).  To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new, reliable evidence not presented at trial. Schlup, 513 U.S. at 327.

## III. __Analysis__

### a. *Claim One*

Petitioner asserts that the trial court judge was prejudiced against him (Doc. 1 at 10).  Specifically, Petitioner argues in the instant petition that the trial judge presided over a prior custody proceeding in family court and had shown prejudice against Petitioner at that time. Id.  Petitioner claims that the judge demonstrated his bias against Petitioner in the instant case by

failing to address the issue of a potential speedy trial violation. <u>Id.</u>

Petitioner states that he raised this issue on direct appeal (Doc. 1 at 11). However, a review of Petitioner's appellate brief shows that he raised only two claims of trial court error on direct appeal (Ex. 5). These claims related to the prosecutor's opening statements and the prosecutor's conduct during jury selection. <u>Id.</u> In an abundance of caution, this Court also reviewed the arguments raised in Petitioner's Rule 3.850 motions to ascertain whether this ground has been exhausted. In ground one of his first Rule 3.850 motion, Petitioner raised a claim of trial court error because his right to a speedy trial was waived without his presence, consent, or knowledge (Ex. 12 at 1). In that claim, Petitioner asserted that his case should have been dismissed prior to trial and that he informed Judge Thompson of this, but "[the judge] chose to put it aside without reason." <u>Id.</u> In ground six of the same Rule 3.850 motion, Petitioner argued that the trial judge should have disqualified himself because he had presided over a custody issue in which Petitioner lost custody of his daughter. <u>Id.</u> at 4. Petitioner also asserted in ground six of the first Rule 3.850 motion that the trial judge made unfavorable evidentiary rulings during Petitioner's trial. <u>Id.</u> at 4-5.

The post-conviction court dismissed claims one and six of Petitioner's first Rule 3.850 motion on the ground that "[a] rule

3.850 motion cannot be used to review ordinary trial errors reviewable by means of direct appeal, and cannot be used to provide a second appeal or to provide an alternative to direct appeal." (Ex. 13 at 3).   In other words, the post-conviction court dismissed these claims as procedurally barred, and the Second District Court of Appeal affirmed the decision without discussing it in its opinion (Ex. 18).   In its affirmance, the appellate court specifically held that "Mr. Verity is now foreclosed from asserting any of these fourteen grounds in another motion for post-conviction relief even if he files his motion on or before December 29, 2011, which marks the expiration of his two-year time limit under rule 3.850(b)." Verity, 56 So.3d at 78.

Respondents contend that because the components of this claim were denied as procedurally barred on "independent and adequate grounds" by the state post-conviction court, the claims are unexhausted and a habeas court may not review them (Doc. 13 at 9). This Court agrees.   The post-conviction court relied on the procedural bar as an independent basis for its decision (Ex. 13 at 3, 4).   The procedural bar of a Rule 3.850 claim that should have been, but was not, raised on direct appeal is an adequate ground for the state court's denial of relief because it is firmly established and regularly followed in cases such as Petitioner's. See LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1260 (11th Cir. 2005) ("As this Court has concluded, if . . . the claim could

have been raised [on direct appeal], but was not, it would be barred from any state collateral review, and likewise barred from federal review.")(internal quotations marks omitted); Bell v. State, 965 So.2d 48, 60 (Fla. 2007) (finding claim procedurally barred as a post-conviction claim because it could have been raised on direct appeal); Teffeteller v. Dugger, 734 So.2d 1009, 1016 (Fla. 1999) (substantive claims raised by post-conviction relief movant were procedurally barred because they could have been raised on direct appeal); Smith v. State, 445 So.2d 323, 325 (Fla. 1983)("[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack").

Now, as specifically noted by Florida's Second District Court of Appeal, any further attempt by Petitioner to exhaust this claim in Florida courts would be futile because it would be procedurally barred under Florida law. Verity, 56 So.3d at 78 (stating that Petitioner is foreclosed from re-raising these claims in state court); Rodriquez v. State of Fla., 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (finding issues procedurally barred because they should have been, but were not, raised on direct appeal).

Based on the foregoing, this Court finds this claim procedurally defaulted. Petitioner has made none of the requisite showings to excuse the default, which bars federal habeas review of Claim One. Coleman, 501 U.S. at 734-35 and n.1; Bailey, 172

F.3d at 1302-03; Judd, 250 F.3d at 1313.   Accordingly, Claim One is dismissed as unexhausted and procedurally barred.

### b. Claim Two

Petitioner does not provide facts or explanation for Claim Two.   Rather, he states only that, "the state courts did not address the brief, just an opinion and a denial of rehearing. This shows that any brief or 3.850 had no effect on the case with the state courts." (Doc. 1 at 8).   Respondents argue that, because Petitioner is no longer incarcerated, this claim is moot since it does not attack Petitioner's conviction, but rather the procedure afforded him in the state courts (Doc. 13 at 2-3).

"[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007).   Completion of a criminal sentence does not automatically render a petition for habeas relief moot because there could be collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, thus satisfying the case-or-controversy jurisdictional requirement of Article III of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).   It is difficult to discern which aspect of the state

court proceedings Petitioner attacks in Claim Two.  However, to the extent Petitioner seeks relief from the underlying aggravated manslaughter conviction, there are still collateral consequences that could flow from this conviction, such as the denial of Petitioner's right to carry a firearm, and the Court disagrees with Respondents' assertion that Claim Two is moot.  However, Petitioner is still not entitled to habeas corpus relief because he has not set forth a constitutional claim.

To the extent Petitioner argues that the appellate court erred by failing to provide a detailed written opinion on the merits of his Rule 3.850 appellate brief, it is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner wishing to challenge the process afforded him in state collateral proceedings.  This is so because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. See Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (concluding that a petitioner's § 2254 claim that his due process

rights were violated when state post-conviction court held no
evidentiary hearing and failed to attach appropriate portions of
record to its opinion "goes to issues unrelated to the cause of
petitioner's detention [and] does not state a basis for habeas
relief").

Moreover, even when a state appellate court enters its
decision implicitly rejecting a claim without a written opinion,
the decision is entitled to the same deference as if the appellate
court had entered written findings to support its decision.[2] See
Wright v. Sec. of Dep't of Cor., 278 F.3d 1245 (11th Cir. 2002).
Therefore, it must be presumed that the appellate court relied
upon the same reasoning as the post-conviction court in affirming
the denial of Petitioner's Rule 3.850 motion. Petitioner does not
explain how the State courts' alleged failures to more adequately
explain the denials of his claims was a violation of clearly
established federal law or was based upon an unreasonable
determination of the facts. Accordingly, Claim Two does not
present a claim that is cognizable on habeas review and is denied
pursuant to 28 U.S.C. § 2254(d).

---

[2] The Second District Court of Appeal did not issue a silent
*per curiam* affirmance as Petitioner seems to assert. Rather, the
appellate court specifically affirmed the final order denying all
of the claims raised in his two Rule 3.850 motions, and commented
on the circuit court's use of the appropriate procedures to "ensure
that the order disposing of Mr. Verity's motion is a final,
appealable order on the merits." (Ex. 18 at 1).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   Claim One of the Petition for Writ of Habeas corpus filed by Clifford Verity is **DISMISSED with prejudice** as unexhausted and procedurally barred.  Claim Two is **DENIED.**

2.    Petitioner is **DENIED** a Certificate of Appealability and therefore leave to proceed *in forma pauperis*.

3.    The Clerk of the Court is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___31st___ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Clifford Verity
Counsel of Record